NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREA CELESTE MALDONADO GOMEZ; LIZBETH ARIANA ROLDAN MALDONADO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3363 <br><br> Agency Nos. <br> A220-134-668 <br> A220-134-669 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Andrea Celeste Maldonado-Gomez ("Maldonado") and her daughter seek review of a Board of Immigration Appeals ("BIA") decision affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's conclusion that a petitioner is ineligible for asylum, withholding of removal, and CAT protection for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (citations omitted).

1. Maldonado raised the particularized social group "business owners and their family members" for the first time before the BIA. The BIA did not err in declining to address the "business owners" social group. Maldonado did not "clearly indicate on the record before the Immigration Judge" that her claims were based on this particular social group and thus the BIA's waiver determination is not error. *Matter of W-Y-C-& H-O-B-*, 27 I&N Dec. 189, 191 (BIA 2018) (cleaned up); *see also Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (holding that the BIA "does not *per se* err when it concludes that arguments raised for the first time on appeal do not have to be entertained").

2. Substantial evidence supports the agency's denial of asylum and withholding of removal. To qualify for asylum, an applicant must show that a protected ground "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). To qualify for withholding of removal,

---

[1] Maldonado's minor daughter seeks asylum, withholding of removal, and CAT protection as a derivative beneficiary under 8 U.S.C. § 1158(b)(3)(A), and in a separate application for relief. Her application rises and falls with her mother's.

applicants need only show that a protected ground is "a reason" for their persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(C)) (emphasis omitted). General conditions of violence or crimes motivated solely by financial gain do not have a nexus to a protected ground. *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Maldonado seeks protection based on allegations that her uncle, Carlos Gomez, threatened and attacked her, and that members of the Mara-18 gang threatened and extorted her. Asserting membership in the particularized social group "individuals in Honduras who are related to Carlos Gomez," Maldonado alleges that Gomez threatened her with violence because she was his niece. But the BIA found that Gomez was motivated by his own "criminal purposes" rather than any hostility toward a particular social group, and that the gang threats and extortion were similarly motivated to "further their [own] criminal purposes."

These findings are supported by substantial evidence. Maldonado testified that Gomez threatened her because she would not give him money for drugs. And Maldonado did not offer any evidence or testimony that Mara-18 extorted or threatened her because of her familial relationship with Gomez. The failure to establish nexus is fatal to Maldonado's claims of asylum and withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

3.     Substantial evidence supports the BIA's denial of CAT relief. To qualify for CAT relief, an applicant must show it is "more likely than not" that she would be tortured in her country of removal. 8 C.F.R § 1208.16(c)(2). That torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of a public official." *Id.* § 1208.18(a)(1). If an applicant can avoid torture by safely relocating within her home country, this weighs against CAT relief. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022); 8 C.F.R. § 1208.16(c)(3)(ii).

The BIA found that Maldonado failed to demonstrate government consent or acquiescence. This finding is supported by substantial evidence. When Maldonado reported Gomez's threats and attacks to the police, they responded, detaining Gomez for 24 hours. That the police released Gomez does not compel the conclusion that they consented or acquiesced to the harm Maldonado experienced. So, too, with respect to the threats from the Mara-18 gang—Maldonado reported the threats to the police, and when she followed up, the police informed her that the investigation was ongoing. The record does not compel the conclusion that government officials would consent or acquiesce to the gang's torture. Further, Maldonado does not challenge the BIA's finding that she would be able to safely relocate if returned to Honduras, and this finding weighs against CAT relief.

The petition is **DENIED.**